[Civ. No. 3421.   Second Appellate District, Division One.—February 8, 1921.]

In the Matter of the Estate of WILLIAM KAFITZ, Deceased. LIZZIE MIGEOT et al., Appellants, v. CHARLES H. McGWIRE, as Special Administrator, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — UNAUTHORIZED DISPOSITION OF PROPERTY BY SPECIAL ADMINISTRATOR — COMPENSATION FOR SERVICES—RETURN OF PROPERTY OR PAYMENT OF VALUE.—A special administrator who without authority and without right parted with the possession of personal property belonging to an estate should be charged therewith and his estate should not be permitted to

retain as compensation for his services any part of the funds of the estate until the property is returned to the executors, or, in lieu of such return, the allowed compensation should not be permitted to be paid until the estate has received the value of the property.

[2] ID.—ASSISTANCE TO CONTESTANT OF WILL—RIGHT TO COMPENSATION.—A special administrator who has cared for and accounted for substantially all of a large and valuable estate is not to be totally deprived of compensation for his services because at the same time, with strong partisan bias and by the use of all the means in his power, he was aiding one of the claimants to an interest in the estate in her efforts to maintain and establish her claim.

[3] ID.—RIGHT OF ATTORNEY'S FEES.—An attorney is not to be totally deprived of fees for services rendered a special administrator because he also, and at the same time, was acting as attorney for one of the claimants in a contest over the will of the deceased person whose property was then in the possession of the special administrator.

[4] ID.—ATTORNEY'S FEES—SERVICES RENDERED SPECIAL ADMINISTRATOR—DIRECT ALLOWANCE.—In view of section 1616 of the Code of Civil Procedure, attorney's fees for services rendered a special administrator may be allowed directly to the attorney.

APPEAL from an order of the Superior Court of Los Angeles County settling account of special administrator. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Murphy and Oscar Lawler for Appellants.

Joseph Scott, Willedd Andrews and A. G. Ritter for Respondent.

CONREY, P. J.—Appeal from an order settling the first and final account of Charles H. McGwire as special administrator.

Appellants appeared as persons interested in the estate as heirs at law and residuary legatees, and also as executors of the last will and testament of decedent, and filed their exceptions in writing to the account. They personally have taken this appeal.

On November 27, 1918, special letters of administration were issued to McGwire. On November 29th appellants

filed their petition for probate of the will of decedent. The will was contested by Maud M. Kafitz, surviving wife of the decedent. In an action for divorce, wherein William Kafitz was plaintiff and Maud M. Kafitz defendant, an interlocutory decree had been entered less than one year before the death of William Kafitz, and, therefore, a final decree of divorce had not been entered. After trial the will was admitted to probate in May, 1919, and appellants were appointed executors thereof. On December 2, 1918, appellants filed a petition for removal of the special administrator which petition, after hearing, was, on the twenty-seventh day of December, 1918, denied. On April 25, 1919, petitioners filed a second petition for removal of the special administrator. This was set down for hearing on July 16th and thereafter continued until September 11, 1919. Prior to September 11th, and while under arrest and charged with the commission of a crime, McGwire came to his death by suicide. His estate was represented at the hearing on said account and on the exceptions thereto, and the order of settlement of the account was made December 12, 1919. The value of the property accounted for by the special administrator was about $88,000.

The exceptions to the account were based upon the stated ground that the special administrator failed to account for all of the property received by him, and in particular that he allowed Mrs. Kafitz to take and appropriate to her own use certain items of said property. It was further objected that the claim of the special administrator for an allowance of $1,000 for his services and for an allowance of $1,000 as fees for his attorney were exorbitant, and that no allowances for those purposes should be made. The court, in its order, decided that the special administrator has turned over to the executors all of the property of the estate except the sum of $2,500; that it was necessary for the special administrator to seek frequent advice of his attorney in connection with his administration; that the sum of $750 each is a reasonable fee for the special administrator and his attorney. Thereupon the court provided that out of the moneys remaining in the hands of the special administrator, or his successors, "$750 shall be allowed as attorney's fees to Joseph Scott and said special administrator shall retain as his commission allowed by law for his services $750," and

directed the distribution of the remaining $1,000 to the executors.

Appellants claim' that the evidence was insufficient to support the court's decision that the special administrator has turned over to the executors all of the property except $2,500 in this, that the evidence showed, without substantial conflict, that the special administrator had in his possession, belonging to the estate, certain personal property of the proved value of $113.50, for which he has failed and refused to account. It is also contended that the court erred in making any allowance for compensation for services of the special administrator or his attorney.

Counsel for appellants say: ''Our contention is that the special administration was conceived and carried on, not in the interest of the estate and whoever might be ultimately adjudged entitled thereto, but as a means whereby a part of the property of the estate might be, and was, unlawfully passed to Maud M. Kafitz, as an instrumentality for assisting the latter and the special administrator in attempts to intimidate and corrupt prospective witnesses in the contest between said Maud M. Kafitz and the executors and the beneficiaries under the will which she was contesting.'' Then follows a *résumé* of the facts, which they claim appear by the record herein affecting the conduct of the special administrator.

[1] Concerning the amount of property not accounted for, appellants contend that the undisputed facts show willful and wrongful disposition thereof. The evidence does show, without conflict, that this property belonged to the estate of William Kafitz, deceased, and not to his wife. But assuming this to be the fact, and further assuming that Mrs. Kafitz's conduct and the conduct of McGwire in his methods of assisting her in her contest against the will of decedent deserves the most severe criticism, this is not alone sufficient to have compelled the court to find bad faith on the part of the special administrator in allowing her to take possession of these small items of personal property which were claimed by her. Nevertheless, having, without authority and without right, parted with personal property belonging to the estate, the special administrator should be charged therewith, and his estate should not be permitted to retain as compensation for his services any part of the

funds of the estate until said property is returned to the executors; or, in lieu of such return, the allowed compensation should not be permitted to be paid until the estate has received the value of said property. We do not overlook the fact that appellants claim that there was other property of the estate not accounted for by the special administrator. As to such other property, however, the evidence was not conclusive, and this court must, therefore, assume that said items, amounting to $113.50, constituted all of the property not accounted for.

Referring now to the more general charge that throughout his administration the special administrator acted in fraud of the law, in antagonism to the beneficiaries of the trust, and for the advantage of himself and Maud M. Kafitz, it appears from the evidence that in the contest which ended in the admission of the will to probate, Joseph Scott appeared and acted as attorney for the contestant, and at the same time he appeared and acted as attorney for the special administrator throughout the proceedings relating to the special administration. It further appears that McGwire, while acting as special administrator, was also actively aiding Mrs. Kafitz in her contest of the will. While many of the facts charged against McGwire and against Mrs. Kafitz in the affidavits in this proceeding are disputed, enough appears to show beyond controversy that McGwire was a strong partisan of Mrs. Kafitz in the will contest, and the evidence strongly tends to show the use by him of unjustifiable and wicked methods in his actions concerning said contest. From these facts two questions of law arise: First, may a special administrator who has cared for and accounts for substantially all of a large and valuable estate be totally deprived of compensation for the services thus rendered because he was at the same time, with strong partisan bias and by the use of all means in his power, aiding one of the claimants to an interest in the estate in her efforts to maintain and establish that claim? Second, must an attorney be totally deprived of fees for services rendered to a special administrator when and because he also and at the same time was acting as attorney for one of the claimants in a contest over the will of the deceased person whose property was then in possession of the special administrator? A third and minor question incidentally arises: May an attorney's

fee for services rendered to a special administrator be allowed directly to the attorney, or must such allowance be made to the special administrator as an expense incurred by him, on showing that it was necessary for him to employ an attorney to assist him in the performance of his official duties?

[2]   On the first question it is our opinion that under the circumstances stated the special administrator remains entitled to just compensation for the services rendered by him.   It is to be presumed that in fixing the amount of such compensation the court confined itself to the value of the services of the special administrator in his official capacity, and did not allow him for other services rendered to a party to the will contest.   Since, in fact, the administrator was not removed by the court, the amount of his compensation should not be reduced for any cause other than misconduct directly affecting his care of the property in his charge.

[3]   The second question is answered by the decision of the supreme court in *Estate of Healy,* 137 Cal. 474, 478, [70 Pac. 455] : ''In a controversy between the heirs of a decedent upon a matter in which the administrator has no interest, and which does not affect his relation to the estate in his hands, the attorney for the administrator violates no obligation to his client by acting as attorney for one of the heirs as against the others.   (See *Jones* v. *Lamont,* 118 Cal. 499, [62 Am. St. Rep. 251, 50 Pac. 766].)   Correlatively, and for the same reason, the administrator violates no obligation to his trust by continuing to retain such attorney in his service.''   Formerly it was the rule in this state that whatever allowance is to be made from the estate for the services of the attorney of an executor or administrator must be made to the executor or administrator and cannot be made to the attorney.   (*Estate of Kruger,* 143 Cal. 141, [76 Pac. 891].)   Since that decision, and others there cited, statutory amendments have been made which indicate a change in the policy of the law.   Section 1616 of the Code of Civil Procedure now provides that an attorney who has rendered services to an executor or administrator may, upon notice and during the administration, apply for, and upon appropriate showing obtain, an order requiring the executor or administrator to pay to him, out of the estate, compen-

sation on account of services rendered by him. Section 1619 of the Code of Civil Procedure provides for payment to be made directly out of the estate to attorneys for executors and administrators. [4] Since the law concerning the payment of fees of attorneys for executors and administrators has thus been changed, we perceive no reason why allowance to attorneys for special administrators should not now be made in the same manner.

Applying to this case the law as hereinbefore stated, we are unable to sustain the contention of appellants that the court below erred in allowing compensation to the special administrator and to his attorney, or that the amounts fixed by the court are exorbitant. The determination of the sums thus to be allowed is vested in the superior court and should not be interfered with on appeal unless there appears to have been a manifest abuse of discretion.

Solely upon the ground that the evidence proved, without contradiction, that personal property of the estate to the value of $113.50 has not been accounted for by the special administrator, the order is reversed, with directions that the superior court proceed to settle the account in accordance with this decision.

Shaw, J., and James, J., concurred.