[No. A017991. Sixth Dist., Feb. 5, 1985.]

SEYMOUR C. ZISWASSER et al., Plaintiffs and Respondents, v. COLE & COWAN, INC., Defendant and Appellant.

COUNSEL

Charles H. Brock and Hoge, Fenton, Jones & Appel for Defendant and Appellant.

Milton D. Rosenberg for Plaintiffs and Respondents.

OPINION

AGLIANO, J.—This action arises from the sale of a retail liquor business. Sellers (plaintiffs) discovered, after the sale, that their broker, the defendant, had loaned its commission ($25,000) to the buyer for use as a portion of the down payment. In the sellers' suit against the broker, the trial court concluded that the broker's failure to disclose to the plaintiffs that the buyer was to borrow a portion of the down payment was a breach of the broker's fiduciary duty. The court awarded judgment to plaintiffs in the amount of the broker's commission. Defendant broker appeals.

We agree that the broker's failure to disclose the loan was a breach of duty. However, the award of the $25,000 commission as damages was, under the facts of this case, in error, and the judgment must be reversed in order that the amount of damages, if any, caused by the breach of duty be properly determined.

### Statement of Facts

On July 28, 1977, plaintiffs entered into a written agreement with defendant pursuant to which defendant agreed to find a buyer for plaintiffs'

liquor business and plaintiffs agreed to pay defendant a commission if a sale was completed.

Herbert Cook expressed an interest in acquiring plaintiffs' business. William Cole, a broker in defendant's firm, participated in the negotiations. On September 7, 1977, an agreement was reached by which Cook would purchase the business for $320,000, with a down payment of $90,000, the balance of $230,000 to be paid pursuant to a promissory note secured by the fixtures and equipment of the business. Defendant was to receive a commission of $25,000.

During negotiations, Cook told Cole that he would have to borrow $25,000 in order to make the down payment of $90,000. Cole assured Cook that he would receive the loan from a bank or, if necessary, from the defendant. The trial court found, on conflicting evidence, that the prospective loan was not disclosed to plaintiffs.

The landlord's consent to an assignment of the lease of the business premises was required. Defendant provided the landlord a copy of Cook's financial statement which disclosed that $25,000 of the down payment was to be borrowed from a bank. The landlord, upon reviewing the statement, told plaintiffs that Cook was very weak financially and expressed surprise that plaintiffs would so risk their liquor license. The landlord had the impression that plaintiffs were aware of Cook's financial condition and that they were nevertheless willing to assume the risk. In plaintiffs' view, however, the landlord had only expressed concern that Cook had not previously operated a liquor store business, and that a retirement pension was his sole source of income.

Cole was unsuccessful in his attempts to secure a bank loan for Cook. Therefore, defendant provided the loan as promised.

Defendant notified the Department of Alcoholic Beverage Control of its loan to Cook in connection with transfer of the liquor license, and also disclosed its loan commitment to the escrow officer.

Approximately one year after the sale, plaintiffs discovered that Cook had borrowed the $25,000 from defendant. Plaintiff Seymour Ziswasser testified that had he known that Cook was borrowing a part of the down payment, he might not have sold to him.

Cook began having difficulty in meeting his obligations and in October 1979, Cook and plaintiffs negotiated a reduction in Cook's monthly pay-

ments. However, plaintiffs served Cook with default notices since Cook's payments were late.

Plaintiffs remained primarily liable on the lease of the business premises. In April 1980, plaintiffs moved to foreclose their security interest in the fixtures and equipment. After Cook requested relief in bankruptcy, plaintiffs purchased the liquor license, the inventory, and the business from the trustee in bankruptcy.

With respect to damages, Mr. Ziswasser testified that the balance due on the note at the time of trial was $206,112.11 and that he had incurred various expenses in reopening the store.

In its statement of decision, the trial court made the following findings: 1. The fact that a loan was being made to Cook by defendant to enable Cook to make the down payment was not disclosed to plaintiffs; 2. Cook's obligation on the loan was a material fact; 3. Plaintiffs did not know of the loan prior to entering into the contract with Cook; 4. The fact of the loan was not intentionally concealed from plaintiffs by defendant with the intent to defraud plaintiffs; 5. It was not necessary for plaintiffs to prove that they would not have accepted Cook as a buyer had plaintiffs known of the loan.

### Discussion

■ Defendant first contends that the failure to disclose the loan of its commission to the buyer did not violate defendant's fiduciary duty to plaintiffs.

■ A real estate broker is a fiduciary who has "the same obligation of undivided service and loyalty that [the law] imposes on a trustee in favor of his beneficiary." (*Ford* v. *Cournale* (1973) 36 Cal.App.3d 172, 180 [111 Cal.Rptr. 334, 81 A.L.R.3d 704].) ■ A fiduciary must disclose all material facts to his principal concerning the subject of the agency. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 459-460, pp. 2724-2725; *Vigli* v. *Davis* (1947) 79 Cal.App.2d 237 [179 P.2d 586].) "It almost goes without saying that the general fiduciary duty owed by the agent to his principal includes the duty to make a full and complete disclosure to him of *all* material facts which the agent knows and which *might* influence the principal with respect to the transaction and to his willingness to enter into it." (1 Miller & Starr, Current Law of California Real Estate (Pt. 2), § 4:16, p. 39.) (Italics in original.)

■ To support its contention that all material facts were disclosed, defendant relies primarily on *Moody* v. *Osborne* (1953) 120 Cal.App.2d

598 [261 P.2d 783]. In *Moody,* after the parties had signed a deposit receipt agreement for the sale of real and personal property, the defendant sellers declined to proceed with the transaction. At the same time, the buyers told the broker, who was the seller's agent, that they were unable to make the first installment payment on the contract. The broker then loaned them the money for the payment without disclosing this fact to the sellers. In reviewing the propriety of the loan by the broker, the court observed that the broker was not duplicitous "in personally loaning money to the purchasers in order for them to complete the transaction . . . . The source of the funds with which such payment was made was of no particular import so far as the sellers were concerned. The fact that it was from funds advanced by the agent did not make the transaction fraudulent as to the sellers." (*Id.,* at p. 602.) Thus, the court held that the buyers were entitled to specific performance of the contract and the broker was entitled to his commission.

The facts of *Moody, supra,* 120 Cal.App.2d 598, are, however, distinguishable from those of the instant case. In *Moody,* the loan was made after the parties had entered into the contract. It was thus not a material fact— that is, one which might have influenced the seller's willingness to enter into the transaction. Defendant argues that, as in *Moody,* the sellers in the instant case did not consider the financial condition of the buyer as material, and in aid of the argument, points to the evidence that: plaintiffs had no conversation with Cook concerning his financial condition; plaintiffs never discussed with defendant their requirements for a qualified buyer; and plaintiffs never asked defendant for a list of Cook's personal obligations. The thrust of this evidence, however, is in conflict with the testimony of Mr. Ziswasser. He testified that his investigation of Cook's qualifications as a potential buyer revealed that Cook had available funds and real property in Decatur and Saratoga. Mr. Ziswasser also testified that had the loan been disclosed to him, it would have affected his determination whether Cook was a qualified buyer. The trial court resolved the conflicting evidence in favor of plaintiffs and concluded that the existence of the $25,000 loan was a material fact and defendant's failure to disclose it was a breach of defendant's fiduciary duty.

■ The judgment of the lower court is presumed correct and where the evidence is in conflict, the appellate court will not disturb the findings of the trial court. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeals, §§ 235, 245, pp. 4225-4226, 4236-4238.)

■ "[I]n examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial

court to lead to the same conclusion." (*Bancroft-Whitney Co.* v. *McHugh* (1913) 166 Cal. 140, 142 [134 P. 1157].)

■ We find no error in this conclusion of the trial court.

■ Defendant next contends that it is entitled to retain its commission, because defendant did not act with the intent to defraud plaintiffs, and that requiring defendant to pay plaintiffs the amount of its commission due to its negligent act is contrary to California law.

Plaintiffs, on the other hand, direct our attention to *Sierra Pacific Industries* v. *Carter* (1980) 104 Cal.App.3d 579 [163 Cal.Rptr. 764], and *Menzel* v. *Salka* (1960) 179 Cal.App.2d 612 [4 Cal.Rptr. 78], for the asserted proposition that a principal is entitled to recover the commission paid an agent as minimum damages where there has been a failure to disclose a material fact.

In *Sierra Pacific, supra,* 104 Cal.App.3d 579, the seller received assistance from the real estate broker in setting a price for its real property. The broker showed the property to several prospective buyers but eventually sold it to his own daughter. The broker retained his commission without disclosing his relationship to the buyer. The court held the broker had breached his duty to the seller, awarded the broker's commission to the seller as minimum damages, and remanded the case on the issue of compensatory damages. (*Id.,* at p. 582.) The court's language seems to imply that where a breach of the duty of full disclosure has occurred, the nature of the broker's conduct is irrelevant. The facts of that case, however, reveal that the broker acted in bad faith by selling to his daughter property for which he had established the purchase price.

The two cases cited in *Sierra Pacific* as support for its holding are *Baird* v. *Madsen* (1943) 57 Cal.App.2d 465 [134 P. 885], and *Bate* v. *Marsteller* (1959) 175 Cal.App.2d 573 [346 P.2d 903]. In *Baird,* the court stated at page 476 that "any concealment from the principal of material facts known to the agent, or any collusion by the latter with a purchaser *may* operate to forfeit the right of the agent to compensation for his services [citations], and it matters not that there was no fraud meditated and no injury done. The rule is not intended to be remedial of actual wrong, but preventative of the possibility of it." (Italics added.) However, in that case, the trial court found that not only had the broker not performed his contractual obligations to the seller, but also that the broker was " 'secretive, unfaithful and deceptive, and did act contrary to defendant's best interests, . . .' " (*Id.,* at p. 475.) Thus, the appellate court held that the broker was not entitled to recover his commission.

In *Bate, supra,* 175 Cal.App.2d 573, the court also held that the brokers were not entitled to any commission. The court found that the duty of good faith was breached when the following facts were not disclosed to the seller: the brokers told the buyers that the sellers would accept an offer lower than that being advertised; the brokers paid a portion of the deposit required by the sales agreement; and when the buyers were willing to forfeit their deposit, the brokers purchased an interest in the property. In *Bate,* as in *Sierra Pacific* and *Baird,* the broker was penalized for his or her breach of fiduciary duty.

These cases are distinguishable from the instant case because they present factual situations in which the broker engaged in duplicitous conduct. There is no finding in this case that defendant committed actual fraud, acted in bad faith, or made a secret profit.

For the same reason, *Menzel* v. *Salka, supra,* 179 Cal.App.2d 612, also does not assist plaintiffs' position. In that case, the real estate agent "competed with his principals concerning the subject matter of the agency" and made secret profits on the sale of the property. (*Id.,* at p. 623.)[1]

A case more closely related factually to the instant one is *Tackett* v. *Croonquist* (1966) 244 Cal.App.2d 572 [53 Cal.Rptr. 388]. There, the defendant brokerage company received information from one Lohr that he wanted to sell or exchange a parcel of land. An agent of the broker showed the plaintiffs, who wished to sell or exchange their motel, a certain parcel of land, stating that it was Lohr's property. However, it was not the property for sale. An exchange was completed. The error in location was subsequently discovered and plaintiffs brought an action for negligent misrepresentation against the brokerage company. In reversing the trial court's judgment awarding the broker's commission to the plaintiffs, the court reviewed the circumstances in which a broker loses his right to receive a commission or to retain a commission that has been paid. The court observed that " '[a]n agent is entitled to no compensation for conduct which is disobedient or is a breach of his duty of loyalty; such conduct, if constituting a wilful and deliberate breach of his contract of service, disentitles him to compensation for even properly performed services for which no compensation is apportioned.' " (*Id.,* at p. 577, citing Rest., Agency, § 469.) The court then cited several cases holding that where there is no

---

[1] Plaintiffs also cite *Prall* v. *Corum* (Fla.App. 1981) 403 So.2d 991, in which a broker failed to disclose that he had loaned the buyer $15,000 to close escrow. The seller there had expressly refused to finance such portion of the purchase price and the broker knew that such a loan contravened the seller's wish. The trial court found that the seller would not have sold to the buyer under such conditions. There again, the broker's conduct could only be characterized as deceitful and unfaithful.

disloyalty, bad faith, or fraud, an agent is not deprived of his right to compensation. (*Id.,* at pp. 577-578.) Reasoning that since the trial court found the broker's representations were negligently made and not with the intent to induce action, the *Tackett* court concluded that the representations amounted to constructive rather than actual fraud and thus the broker was entitled to retain his commission. (*Ibid.*)

Similarly in the instant case, the court found that defendant did not intentionally conceal the fact of the loan with the intent to defraud plaintiffs. While we recognize that defendant did breach his duty by failing to disclose a material fact to his principal, not all breaches of fiduciary duty deprive a broker of compensation. The failure to disclose appears to have been inadvertent in this case. ▪ ▪ ▪ ▪ ▪ There was no attempt made by defendant to conceal[2] the prospective loan. The loan was disclosed in a financial statement given to plaintiffs' landlord. When the landlord expressed reservations about the buyer's financial qualifications, the broker urged plaintiffs to discuss the matter with the landlord. Defendant also revealed the loan to the escrow officer and to the Department of Alcoholic Beverage Control. ▪ ▪ ▪ ▪ ▪ We find that these facts do not warrant forfeiture of the broker's commission.[3]

With respect to the issue of damages, it is doubtful that the trial court awarded $25,000 to plaintiffs as compensation for actual damages. In its memorandum of intended decision, the trial court refers to *Sierra Pacific* as holding that if the broker breaches a duty to disclose a material fact to the seller, the seller is entitled to recover as minimum damages the amount of the broker's commission. However, we interpret *Sierra Pacific* as requiring a breach of fiduciary duty which involves intentional disloyalty or bad faith before a broker will be deprived of his or her right to a commission.

Therefore, the judgment will be reversed and the case remanded for determination whether plaintiffs sustained damage legally caused by defendant's failure to disclose to plaintiffs the fact that $25,000 of the buyer's down payment was to be borrowed, and if so, the amount thereof. The trial

---

[2]"The word 'conceal' pertains to affirmative action likely to prevent or intended to prevent knowledge of a fact. (Restatement of the Law, Contracts, § 471, p. 891 et seq.; Restatement of the Law, Restitution, § 8, p. 32 et seq.; 8 Words and Phrases, Perm. Ed., 328-341.) It has reference to some advantage to the concealing party or a disadvantage to some interested party from whom the fact is withheld. Here there is merely a failure to disclose and a failure to ask." (*Mitchell* v. *Locurto* (1947) 79 Cal.App.2d 507, 514 [179 P.2d 848].)

[3]The harm in the instant case lies not in the fact that the broker was the source of the loan to the buyer, but that there was a failure to disclose completely the buyer's financial status. "'It is common knowledge that real estate brokers make a practice of procuring necessary funds to complete a purchase of property in the sale of which they are interested, . . .'" (*Hicks* v. *Wilson* (1925) 197 Cal. 269, 275 [240 P. 289].)

court will determine, in its discretion, whether additional evidence may be introduced.

The judgment is reversed and the matter remanded for proceedings consistent herewith.

Panelli, P. J., and Brauer, J., concurred.