[No. B002260. Second Dist., Div. Two. May 14, 1984.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
T.G.I. CONSTRUCTION CORPORATION et al., Real Parties in
Interest.

**COUNSEL**

Coleman & Farrell and John P. Farrell for Petitioner.

No appearance for Respondent.

Monteleone & McCrory, Philip C. Putnam, Wilson, Elser, Edelman & Dicker, Patrick M. Kelly, Robert M. Young, Jr., Harry W. R. Chamberlain II,

Otis D. Wright II, Kirtland & Packard, Karl A. Keener, Allen, Matkins, Leck, Gamble & Mallory, Robert J. Cathcart, Rebecca Callahan and George J. McDowell for Real Parties in Interest.

## OPINION

**COMPTON, J.**—The County of Los Angeles (County) by a petition for a writ of mandate seeks a determination that Code of Civil Procedure sections 877 and 877.6[1] do not operate to bar its action for indemnity. We grant the petition.

The County contracted with a group of business entities and individuals operating as a joint venture (hereafter known as Architect)[2] to provide architectual and engineering services for the design and construction of a medical center.

County thereafter utilized Architect's plans to solicit bids for the construction work. Eventually the County hired T.G.I. Construction Corporation (hereafter known as TGI) to perform the initial foundational and structural work according to Architect's plans.

In doing the work TGI encountered difficulties which resulted in unanticipated costs and a delay in completing the job. TGI filed suit against, inter alia, County and Architect seeking approximately $2.3 million in damages, for breach of contract. The breach of contract allegedly consisted of the County's furnishing inaccurate and defective plans and failing to timely act upon TGI's requests for change orders.

TGI in its action against Architect alleged that Architect was negligent in preparation of the plans upon which TGI had predicated its successful bid. Additionally, TGI named as a defendant a subcontractor, Golden Bear Concrete, whose failure to perform its work cost TGI approximately $260,000.

County cross-complained against Architect alleging that under the contract Architect had "warranted to perform [its] services in a non-negligent manner and in accordance with the standards of the architectural and engineering professions." County averred that to the extent that TGI had suf-

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2] Architect is a joint venture called the Olive View Medical Center Architects & Engineers. It includes the Luckman Partnership, Inc., Welton Becket Associates, and Levine & McCann (now known as Syska & Hennessy).

fered damages as a result of its reliance on Architect's plans, those damages were the result of Architect's negligence and breach of contract.

County's cross-complaint alleged that its contract with Architect had created a special relationship between the two parties and that any damages suffered by TGI were ". . . due to the *active negligence* of [Architect] arising out of [its] failure to adequately and responsibly carry out [its] duties under [its] contract with the County. Any acts or omissions by [County], however, were in reliance on the [Architect's] performance of [its] duties and were *passive* in nature." (Italics added.)

Golden Bear Concrete cross-complained against all of the parties seeking $115,000 damages. That cross-complaint charged Architect with negligence and the County with negligence and breach of contract.

Subsequently TGI, Architect and Golden Bear consummated a settlement under which Architect paid TGI $225,000 and Golden Bear Concrete $20,000.

Citing sections 877 and 877.6, Architect then moved the trial court to find that the settlement was in good faith, to dismiss County's cross-complaint for indemnity, and to bar any further claims for indemnity or contribution.

Those cited code sections simply provide that one or more of several *joint tortfeasors* may, in good faith, settle with the injured party and obtain a release from liability free from demands by the remaining tortfeasors for indemnification or contribution.

County's opposition to the motion was based primarily on the contention that the provisions of sections 877 and 877.6 could not apply to bar its claim for indemnity against Architect since TGI's action against County was solely for breach of contract. County also made a brief argument that the settlement was not in good faith.

Following a hearing at which all sides presented argument, the trial court held that for the purposes of Sections 877 and 877.6, Architect and County were "joint and concurrent tortfeasors." It found the proposed settlement to be in good faith and accordingly, dismissed County's cross-complaint for indemnity. The court further discharged Architect from any duty to make contribution to the County.

County thereafter moved for reconsideration seeking to vacate the previous order and to obtain permission to amend its cross-complaint. The

proposed amendment would have added a cause of action against Architect for breach of contract praying for damages in the amount of any award which TGI might recover against the County. That motion was denied.

■ In these proceedings, County does not challenge the good faith nature of the settlement, but instead focuses its attack on the applicability of sections 877 and 877.6, as a bar to its claim for indemnification. This attack is premised on the fact that TGI's action against County is grounded in contract rather than tort and that County's cross-complaint against Architect is also based on contract.

■ Indemnity is the obligation of a party to make good a loss or damage another party has suffered. (*Kramer v. Cedu Foundation, Inc.* (1979) 93 Cal.App.3d 1, 9 [155 Cal.Rptr. 552].) That obligation may arise from one of two general sources: "First, it may arise by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances. Second, it may find its source in equitable considerations brought into play either *by contractual language not specifically dealing with indemnification* or by the equities of the particular case." (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506-507 [146 Cal.Rptr. 614, 579 P.2d 505].) (Italics added.)

In the case at bench, County's contract with Architect contained no express clause requiring Architect to indemnify County. The only express indemnification provision runs in favor of Architect.[3]

On the other hand the contract does, of course, obligate Architect to provide the County with a set of plans which are adequate for the intended purpose and prepared with reasonably professional competence. Any failure in this regard on the part of Architect constitutes a breach of the contract for which County would be entitled to redress, albeit that such failure could alternately be described as professional negligence.

County's position, vis-à-vis TGI, also has its roots in a contract by which County was obligated to provide plans adequate for TGI's purposes in bidding on and performing the job.

TGI's complaint against the County, as noted, is for breach of that contract. The complaint contains an allegation of compliance with the tort claims act (Gov. Code, § 900 et seq.) but the claim which was filed alleged

---

[3]The provision states: "The County agrees to indemnify and hold harmless the architect, his agents and employees, against any and all damages, claims, liabilities, costs, suits or expenses arising out of any act or omission of any officer, agent or employee of County or resulting from the condition of any property owned or controlled by the County."

only a breach of contract and made no reference to any tortious conduct on the part of the County.

The fact that TGI's complaint contains allegations that the County's unreasonable failure to promptly approve change orders constituted an additional breach of contract is of no moment. That allegation, if true, was a result of the alleged deficiency in the plans furnished by Architect and clearly would not convert TGI's action against County into a tort action.

In summary, all damages allegedly suffered by TGI flow from the alleged defects in Architect's plans. County's liability to TGI for those defects is necessarily based on its contract with TGI by which it undertook to provide TGI with proper plans.

Since Architect, by reason of its contract with County, undertook to provide plans free of defects, its failure to do so provides a basis for shifting County's entire liability to Architect. Even if Architect's conduct vis-à-vis County be viewed as professional negligence, ergo tortious, County is a victim of that negligence and we fail to see how County could thus be viewed as a joint tortfeasor with Architect. County's role was nothing more than a conduit by which Architect's plans were furnished to TGI.

We conclude that the trial court erred in applying Code of Civil Procedure sections 877 and 877.6 for two reasons. First, those sections apply only to joint tortfeasors and in our opinion County's role is not that of a tortfeasor. Secondly, and in any event, those sections do not operate to bar otherwise valid claims for express or implied indemnity arising out of a contractural relationship. (See *E. L. White, Inc.* v. *City of Huntington Beach, supra,* at pp. 506-510.)

The trial court's order here not only had the effect of foreclosing County from proceeding on its properly pleaded cross-complaint for implied contractual indemnity, but by denying the County's motion to amend, also barred the County from proceeding on a direct cause of action for breach of contract against Architect. In that latter regard the court order amounted to a violation of California Constitution article I, section 9 prohibiting the impairment of obligations of contracts.

We find nothing in the underlying purposes of Code of Civil Procedure sections 877 and 877.6 or in the facts of this case to justify impairment of the contract between County and Architect. Further we find nothing in the language or history of the statutes nor the case law interpreting those statutes which suggest that such a result as obtained here was ever intended by the Legislature.

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the trial court to vacate its order and issue and a new and different order denying Architect's motion to strike the cross-complaint and to be discharged from liability for indemnity.

Roth, P. J., and Gates, J., concurred.

Petitions for a rehearing were denied June 1, 1984, and the petitions of real parties in interest Luckman Partnership, Inc., Welton Becket Associates and Syska & Hennessy for a hearing by the Supreme Court were denied August 8, 1984.