[No. A044406. First Dist., Div. Four. Nov. 20, 1989.]

CAL-JONES PROPERTIES et al., Cross-complainants and Appellants, v.
EVANS PACIFIC CORPORATION et al., Cross-defendants and Respondents.

**COUNSEL**

Niven & Smith, James H. Niven and Leo M. Larocca for Cross-complainants and Appellants.

Dobbs, Berger, Molinari, Casalnuovo, Vannelli & Nadel and Robert D. Links for Cross-defendants and Respondents.

**OPINION**

**PERLEY, J.**—Appellants and cross-complainants, Cal-Jones Properties and Ralph Gomez, appeal from a judgment of dismissal[1] of their cross-complaint for breach of fiduciary duty.[2] The trial court ruled that their claim was in fact an indemnity claim and therefore barred due to cross-defendants and respondents Evans Pacific Corporation and Bernice McClellan's good faith settlement with plaintiffs under Code of Civil Procedure section 877.6.[3]

## I. FACTS

Plaintiffs Pacita and Gumersindo Leuterio bought a condominium from appellants through respondents Evans Pacific and Bernice McClellan who represented both plaintiffs and appellants as the real estate broker for the sale. Plaintiffs claim that both appellants and respondents fraudulently represented the condominium to be about 1,500 square feet when they knew the actual size was approximately 1,000 square feet.

Plaintiffs sued appellants and respondents for fraud, breach of fiduciary duty, breach of warranty of title, breach of the implied covenant of good faith and fair dealing, breach of contract and negligent misrepresentation.

Appellants alleged that respondents breached their fiduciary duty by not advising plaintiffs of the actual size of the unit once it was discovered. In

---

[1] An order dismissing the cross-complaint and granting the respondents' motion to confirm the good faith settlement was filed on October 4, 1988. Pursuant to Code of Civil Procedure section 581d, the dismissal order itself constituted a judgment of dismissal and is therefore appealable. (*Chauncey* v. *Niems* (1986) 182 Cal.App.3d 967, 971 [227 Cal.Rptr. 718].)

[2] We note that the notice of appeal indicates that appellants appeal from the entire order granting the motion to confirm the good faith settlement and dismissing their cross-complaint. Appellants, however, have raised only the issue of the propriety of the trial court's dismissal of their breach of fiduciary duty cause of action. Hence, we assume that they have abandoned their appeal from the remainder of the trial court's order.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

their cross-complaint, appellants sought damages for breach of fiduciary duty, total equitable indemnity, comparative equitable indemnity and contribution. Respondents filed a cross-complaint against appellants for indemnity and judicial determination of comparative fault.

Eventually, respondents reached a settlement with plaintiffs for $35,000 contingent upon a judicial determination of good faith and dismissal of all cross-complaints against respondents under section 877.6. Respondents thereafter brought a motion for determination of good faith settlement pursuant to section 877.6. Appellants opposed the motion on the ground that their breach of fiduciary duty claim was "separate and distinct" from their claims for indemnity and contribution and therefore should not be barred by respondents' good faith settlement.

The trial court ruled that the settlement was made in good faith and that the breach of fiduciary duty claim was barred because it was nothing more than an alternative means of pleading indemnity.

## II. DISCUSSION

■ Appellants argue that the trial court has no authority to dismiss claims for affirmative relief under section 877.6. We disagree.

Section 877.6 provides that a good faith settlement bars other joint tortfeasors from any further claims of indemnity or contribution against the settling tortfeasor. Specifically, section 877.6, subdivision (c) provides that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

The purpose of this statute is to bar claims against a settling tortfeasor and thereby promote settlement. (*Singer Co.* v. *Superior Court* (1986) 179 Cal.App.3d 875, 890 [225 Cal.Rptr. 159].) Allowing a joint tortfeasor to bring an affirmative claim for damages that is actually an artfully pleaded claim for indemnity would contravene the purpose of the statute. The Supreme Court has stressed the importance of interpreting section 877.6, subdivision (c) such that settlement is encouraged. (*Far West Financial Corp.* v. *D & S Co.* (1988) 46 Cal.3d 796, 810 [251 Cal.Rptr. 202, 760 P.2d 399].) Few joint tortfeasors would be willing to settle with plaintiffs if they knew another tortfeasor could bring an action on the same issues by merely cloaking claims of indemnity in affirmative language. Therefore, a trial

court must have the discretion to ferret out those claims that are in fact claims for indemnity.

■ When a trial court considers the good faith of a settlement, it must determine each tortfeasor's proportionate share of liability. (*Tech-Bilt Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499 [213 Cal.Rptr. 256, 698 P.2d 159].) The trial court's good faith determination must also "take into account the settling tortfeasor's potential liability for indemnity to a cotortfeasor, as well as the settling tortfeasor's potential liability to the plaintiff." (*Far West Financial Corp.* v. *D & S Co., supra,* 46 Cal.3d at p. 816, fn. 16.) In so doing, a trial court must consider each of the plaintiff's claims and possible recoveries and the potential liability of the joint tortfeasors. If the claims between the joint tortfeasors are identical to those made by the plaintiffs or if the damages sought by the joint tortfeasors are those that the court would consider in determining the proportionate liability of the settling tortfeasor, then the claims are indemnity claims regardless of whether one or more of the claims are couched in affirmative language. A claim by a joint tortfeasor seeking neither indemnity nor contribution and which the trial court would not contemplate in determining the proportionate ability of a settling tortfeasor is not a claim for indemnity and hence survives a good faith settlement under section 877.6. If a claim is in fact one of indemnity, then it is barred pursuant to section 877.6.

■ Indemnity has been defined as the obligation of one party to make good a loss or damage which another party has incurred. (*County of Los Angeles* v. *Superior Court* (1984) 155 Cal.App.3d 798, 802 [202 Cal.Rptr. 444].) Indemnity may arise by virtue of an express or implied contractual provision or by the equities of the particular case. (*Ibid.*) Here, both appellants and respondents cross-complained seeking partial or total equitable indemnity for any damages suffered by the plaintiff. Respondents claimed that these damages, which were sought by the plaintiffs for misrepresentation of the size of the condominium unit and for failing to obtain a proper certificate of occupancy, were due to the negligence of appellants. Appellants, on the other hand, alleged that the plaintiffs' damages resulted due to the respondents' breach of their fiduciary duty. ■ In both cases, however, indemnity liability rested on the identical failure to correctly represent the size of the condominium unit and to obtain the certificate of occupancy.

While appellants, in their cross-complaint, have asserted a separate cause of action for breach of fiduciary duty in addition to their claims of indemnity and contribution, their entitlement to indemnification or contribution rests upon their ability to prove that respondents breached their fiduciary duty. They have alleged no additional basis for their claim to equitable indemnity. Hence, the trial court, in assessing the proportionate liability of

the parties to the plaintiffs must have considered respondents' potential liability for indemnity to appellants based on appellants' breach of fiduciary duty cause of action. Although labeled by appellants as a breach of fiduciary duty cause of action, it was in effect simply an indemnity action just as respondents' indemnity action, which alleged negligence, was solely an indemnity action.

Appellants argue that their action was not simply one for indemnity because their breach of fiduciary duty claim seeks return of the real estate commission paid under the listing agreement as well as attorneys' fees and punitive damages. This argument lacks merit.[4]

Appellants rely on *Ziswasser v. Cole & Cowan, Inc.* (1985) 164 Cal.App.3d 417, 424-425 [210 Cal.Rptr. 428], for their argument that they are entitled to return of the commission. *Ziswasser* held that a real estate broker may be required to forfeit his commission for breach of fiduciary duty where the broker acts in bad faith with intent to defraud or conceal. Appellants, however, did not plead bad faith or fraud in their cross-complaint nor have they alleged that there is a factual basis for such a finding. Their failure or inability to plead bad faith may also explain the absence of any claim for punitive damages in their cross-complaint. Moreover, appellants have not alleged that they are entitled to attorneys' fees by virtue of a statutory or contractual provision. Attorneys' fees are not otherwise recoverable in an action for breach of fiduciary duty. (*Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 506-507 [198 Cal.Rptr. 551, 674 P.2d 253, 44 A.L.R.4th 763].) Appellants hence have not shown that respondents' potential liability to them was other than for equitable indemnity.

The trial court, which presides over the good faith settlement hearing, is in the best position to determine whether the terms of a proposed settlement are unfair to a nonsettling tortfeasor. (See *Far West Financial Corp. v. D & S Co., supra,* 46 Cal.3d at p. 815, fn. 15.) This is particularly true, where the trial court, as here, has presided over several settlement conferences with the parties and is fully familiar with the facts of the case. The record reveals that the trial court tirelessly considered the potential liability of the parties to each other as well as their proportionate share of liability to the plaintiffs. On this record, we find no abuse of discretion.

---

[4] We note that, to the extent appellants seek lost interest and homeowners association dues as damages under their breach of fiduciary duty cause of action, these damages, if any, flow from plaintiffs' acts or omissions in that plaintiffs ceased to make these payments in mitigation of their damages. Any recovery by appellants of these sums from respondents would have been contemplated by the trial court in assessing respondents' potential indemnity liability as well as in determining the proportionate liability of the parties to plaintiffs.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.