Curtis HENDRIX, Plaintiff.

Mayer, Brown & Platt, Non–Party Appellant,

v.

Wayne NAPHTAL and First Family Homes, a California corporation, Defendants–Appellees.

No. 91–55371.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1992.

Decided July 31, 1992.

Michele Odorizzi, Mayer, Brown & Platt, Chicago, Ill., for appellant.

Tom Lallas, Levy & Norminton, Los Angeles, Cal., for defendants-appellees.

Before: ALARCON, NORRIS, and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

The law firm of Mayer, Brown and Platt ("Mayer") appeals an order imposing sanctions under Fed.R.Civ.P. 11 for failing to conduct a reasonable investigation of a client's domicile before filing a diversity action. We affirm.

I

A partner in Mayer prepared and filed a complaint on behalf of a client asserting a breach of contract claim against a California resident and a California corporation (collectively, "defendants"). The complaint alleged that Mayer's client was domiciled in Florida and pleaded diversity jurisdiction.

Over one year later, Mayer's client testified on deposition that, at the time Mayer filed a complaint on his behalf, he was living in California and had sold his house in Florida. Following the deposition, defendants moved to dismiss the action for lack of subject matter jurisdiction and for sanctions under Rule 11.

After a hearing in which the Mayer partner offered an explanation for alleging her client's domicile was Florida, the district court dismissed the action for lack of diversity and imposed Rule 11 sanctions on Mayer.[1] The court said that because the client had at least three possible domiciles—Florida, California and New York—a reasonable attorney should have made "extra efforts to establish his actual citizenship." *See* Order re Defendants' Motion To Dismiss And For Sanctions, Excerpts of Record ("ER") 70. On two bases, the court found that the Mayer partner failed to make a reasonable investigation. First, in light of the fact that the client freely admitted facts inconsistent with a Florida domicile in his deposition, the court reasoned that "[a] basic interview with [the client] ... should have elicited the facts" that his principal residence had been in California and that he was in the process of selling his Florida residence. *Id.* Second,

---

1. Mayer did not raise below the argument that it was error to impose sanctions on Mayer rather than the individual attorney under *Pavelic &*

*LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), and it does not seek reversal on that ground.

in light of the Mayer partner's comments at the hearing, the court concluded that her investigation of the basis for diversity jurisdiction was largely based on telling her lay client the Ninth Circuit test for domicile and relying on his conclusion that he was a Florida resident. ER 36 (district judge stated it appeared to him that the Mayer partner "basically reposed with the client the determination of where he was a resident").

## II

"[We] apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).

■ The district court was not clearly erroneous in ultimately finding that the Mayer partner did not conduct a reasonable investigation of the client's domicile and that the client would have disclosed the sale of his Florida home and his physical presence in California [2] if the partner had conducted a reasonable interview.[3] The district court also did not clearly err in inferring that she had "basically reposed with the client the determination of where he was a resident." ER 36. Neither her declaration nor her client's declaration indicated that she asked sufficiently detailed questions about the client's physical presence. Moreover, there is no reason to believe that the Mayer partner asked the kind

of straightforward questions asked of her client at deposition that readily elicited the testimony that he was domiciled in California. *Compare* ER 3 (defendant was asked at deposition, "What is your present residence address?"; "And how long have you been a resident of ... Los Angeles?") and ER 6 ("And it's been your principal residence since then?") *with e.g.,* ER 40 (Mayer partner stated at hearing, "I asked him about his residence, but I could not swear under oath that I said 'Where do you live?'"); ER 49 ("I went over the test for residence. I said, 'You have three homes. Where do you consider yourself to be a resident ...?'"); ER 52 ("I covered the subject.").

■ Finally, Mayer argues that an attorney conducts a reasonable investigation of diversity jurisdiction when she relies on a lay client's conclusion about his domicile. *See* Appellant's Brief 19. ("Although [the client] ... is not an attorney, the concept of domicile is not so complex or arcane that a sophisticated businessman would be unable to understand it."). We do not agree. Blind reliance on a lay client's ability to decide the legal question of domicile does not constitute a reasonable inquiry under Rule 11.[4]

## III

■ Mayer next argues that the district court abused its discretion in setting the amount of sanctions. Mayer argues that it should only be sanctioned for expenses attributable to litigation of federal jurisdiction and not for those expenses that would have been necessary if the action were filed

**2.** The district court properly emphasized physical presence because it is a central, and ordinarily necessary, factor in determining a person's domicile. *See Lew v. Moss,* 797 F.2d 747, 752 (9th Cir.1986) ("Domicile ... requires *both* physical presence at a given location and an intent to remain there indefinitely.") (emphasis supplied).

**3.** Mayer argues that "the only reasonable interpretation that can be drawn" from the evidence is that the client "withheld" the information that he was selling his home in Florida. Appellant's Brief 19. The district court treated this as one possible explanation at the hearing on the Rule 11 motion. ER 41 (district court stated that Mayer partner either didn't ask where he physi-

cally lived or the client lied.); ER 58 ("I don't know whether he was deceiving her, or she didn't ask the questions."). The district court was not required to accept, as its ultimate conclusion, Mayer's interpretation of the evidence.

**4.** Mayer argues that the district court's refusal to consider the Mayer partner's supplemental declaration denied it a fair opportunity to respond to the court. We cannot agree. As Mayer itself says, "[T]he short additional declaration simply put in the form of written, sworn testimony what ... [the Mayer partner] had said at the hearing in answer to the judge's questions." Appellant's Brief 14. The district court was not required to file Mayer's written account of the arguments the Mayer partner made orally.

in state court.[5] The district court agreed in principle and adopted as the measure of sanctions those expenses incurred prior to a cut-off date. The district court selected the cut-off date because most of the expenses incurred after that time were related to discovery that would have been incurred if the suit had been brought in state court and because subsequent expenses were partly attributable to substituted counsel. The district court reviewed the expenses submitted and found them reasonable. The district court also explicitly rejected the argument that it should have conducted a more exacting analysis of the fees to exclude those that would have arisen in a state court action. In this case, the district court's decision to approximate the amount attributable to the unreasonable assertion of diversity jurisdiction by a cut-off date is not an abuse of discretion.[6]

The district court's award of sanctions under Rule 11 is AFFIRMED. The motion for sanctions under Fed.R.App.P. 38 is DENIED.

---

**5.** We previously granted Mayer's motion to take judicial notice of the complaint that the client filed in state court.

**6.** Mayer cites a Fourth Circuit case for the proposition that a district court should award "the least severe sanction adequate to serve the purposes of Rule 11." Appellant's Brief 23 (citing *In re William Kunstler,* 914 F.2d 505, 522–23 (4th Cir.1990) *cert. denied,* —— U.S. ——, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991)). Mayer's reliance on *Kunstler* is misplaced. The Fourth Circuit held that district courts should consider four factors in setting the amount of a Rule 11 sanction: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors relating to the severity of the Rule 11 violation." 914 F.2d at 523.

Mayer also relies upon *Antonucci v. AID Insurance Co.,* No. 89–16727, 1991 WL 172159 (9th Cir. Sept. 10, 1991), for the proposition that the district court's award of sanctions in this case was excessive. The *Antonucci* opinion was withdrawn on October 30, 1991. In *Antonucci,* we cited an earlier opinion in which we remanded for reconsideration of the amount of fees because the district court failed to provide any explanation for its approval of the fee appli-

cation. *See Toth v. Trans World Airlines,* 862 F.2d 1381, 1386 (9th Cir.1988). The district court in this case did provide an explanation for its award of fees.

Finally, Mayer argues that the amount of sanctions is excessive because defendants failed to mitigate their damages. *See Dubisky v. Owens,* 849 F.2d 1034, 1037–38 (7th Cir.1988) (party seeking dismissal for lack of diversity jurisdiction failed to mitigate because it did not first raise question of diversity "informally" in a letter or phone call). The defendants raised the apparent lack of diversity jurisdiction by letter of December 5, 1990, and did not move for dismissal until January 22, 1991. Moreover, the district court here specifically found that there was mitigation. ER 99 ("[The client] did not fail to mitigate damages by bringing the motion to dismiss *with* prejudice and for sanctions. Plaintiff would not have stipulated to either motion.") (emphasis in the original). In light of the fact that Mayer states in its opening brief that the client offered to dismiss without prejudice, but would not agree to pay attorney's fees, this finding is not clearly erroneous. Accordingly, we need not decide whether a district court must consider mitigation by the party seeking sanctions in determining the amount of an award under Rule 11.