972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAPITOL CADILLAC CORPORATION, a Michigan corporation,
Plaintiff-Appellant,
v.
John Z. DeLOREAN, Defendant,
and
Ronald C. Vinci; Sunroad Capital Corp, a California
corporation, d/b/a Pacific Honda, Defendants-Appellees.
 No. 91-55820.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided Aug. 4, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Capitol Cadillac Corporation ("Capitol") appeals the decision of the district court granting summary judgment to defendants Ronald C. Vinci and Sunroad Capital Corporation ("Vinci"). Capitol contends the district court erred in holding that Capitol's claims are barred under California law. Specifically, Capitol argues that state statutes prohibiting indemnification claims against a joint tortfeasor who previously settled with the injured party do not preclude its action. We reverse and remand.
 
 
 3
 * Capitol first argues that the district court erred in recharacterizing the claims against Vinci as indemnification claims subject to Cal.Civ.Proc.Code § 877.6(c). We agree, but only to the extent that Capitol alleges intentionally wrongful acts by Vinci against Capitol.
 
 
 4
 In Cal-Jones Properties v. Evans Pac. Corp., 264 Cal.Rptr. 737 (Cal.Ct.App.1989), the California Court of Appeal stated that "[a] claim by a joint tortfeasor ... which the trial court would not contemplate in determining the proportionate liability of a settling tortfeasor is not a claim for indemnity and hence survives a good faith settlement under section 877.6." Id. at 739.
 
 
 5
 We conclude that, in assessing Capitol's and Vinci's proportionate liability to the DeLorean bankruptcy estate for purposes of making a section 877.6 good faith determination, the Michigan bankruptcy court would not have considered the possibility that Vinci committed an intentional wrong against Capitol. The district court erred in holding otherwise.
 
 
 6
 Vinci's allegedly intentional acts directed at Capitol amount to claims of harm independent from any harm Vinci and Capitol together may have caused DeLorean Motor Corporation. Although DeLorean suffered as a result of Vinci's allegedly intentional acts, Capitol alleges that Vinci directed his efforts to deceive at Capitol, not at DeLorean. DeLorean was able to recover from Capitol because Capitol was a party to the transaction in which Vinci sold DeLorean's cars to the detriment of the DeLorean bankruptcy estate. Yet, according to some of Capitol's allegations, there would have been no relationship between Capitol and Vinci (such that DeLorean could recover from Capitol) but for Vinci's intentional acts of deception directed at Capitol.
 
 
 7
 This situation is different than if a preexisting relationship between Capitol and Vinci had made Capitol liable for intentional acts directed at DeLorean by Vinci. As such, the present case is distinguishable from Far West Fin. Corp. v. D & S Co., 760 P.2d 399 (Cal.1988), where a dissenting justice suggested that the California Supreme Court had barred vicariously-liable defendants "from seeking indemnity from an intentional tortfeasor whose acts have been the basis for suit against the vicariously liable defendant." Id. at 422 (Eagleson, J., concurring and dissenting). In Far West, there was no allegation that the party seeking indemnification, Far West, had been deceived by the co-defendants against whom Far West cross-claimed. Thus, in seeking complete recovery for a fraudulent misrepresentation allegedly directed at Capitol rather than at DeLorean, Capitol seeks more than indemnification subject to section 877.6.
 
 
 8
 We must reject Capitol's position with regard to its other claims, however. Capitol has argued that its claims cannot be recharacterized as claims for indemnification because they accrued at the time Capitol paid Vinci for the cars, rather than when the DeLorean trustee recovered from Capitol. This argument fails.
 
 
 9
 Even assuming that Capitol's claims accrued when it paid for the cars, so too did the trustee's claims against both Capitol and Vinci. Principles of comparative fault would therefore generally apply as between Capitol and Vinci, relative to the DeLorean estate. Cf. Far West, 760 P.2d at 404 n. 7 (because principles of comparative fault could be applied as between a vicariously or derivatively liable tortfeasor and a "directly liable" tortfeasor, a claim for indemnification between them would be subject to section 877.6).
 
 
 10
 Thus, we agree with that portion of the district court's judgment recharacterizing Capitol's claims based on unintentional conduct as claims for indemnification subject to section 877.6. The fact that Capitol may have been induced to participate in a transaction injurious to the DeLorean bankruptcy estate by Vinci's less-than-intentional acts is not enough to find any harm suffered by Capitol to be independent of harm inflicted upon DeLorean by the transaction.[1]
 
 II
 
 11
 To the extent that the district court correctly characterized Capitol's claims as seeking indemnification, Capitol argues that it is not bound by the good faith determination made by the Michigan bankruptcy court in regard to the DeLorean trustee's settlement with Vinci. We agree.
 
 
 12
 In Singer Co. v. Superior Court, 225 Cal.Rptr. 159 (Cal.Ct.App.1986), the California Court of Appeal construed sections 877 and 877.6 as presumptively barring indemnification claims brought against a settling tortfeasor by joint tortfeasors who were not party to a prior determination that the settlement between the injured plaintiff and the settling tortfeasor was made in good faith. Id. at 167-68. To overcome this presumption in a later proceeding, a non-party joint tortfeasor must "prove to the satisfaction of the court his status as a necessary party, i.e., a likely defendant, at the time of settlement or face a judgment of dismissal." Id. at 170. The Singer court defined a "likely defendant" as an absent joint tortfeasor who the parties knew or should have known was "exposed to substantial potential liability, such that his joinder as a defendant or cross-defendant [was] likely." Id. at 168.
 
 
 13
 Contrary to the district court's conclusion, there is little in Singer to suggest that a prior good faith determination is so impregnable that only the potential for a due process violation will permit subsequent relitigation of the issue. Instead, Singer indicates that Capitol had no obligation under California law to object during the bankruptcy proceeding so long as it remained a non-party. The Singer court stated:
 
 
 14
 It seems axiomatic that in order for a trial court to make a binding judicial determination of good faith, those "tortfeasors" known to have an interest in the outcome of the lawsuit must somehow be brought before the court so that the matter can be fully and fairly litigated.
 
 
 15
 The obvious vehicle for bringing such interests before the court is a cross-complaint for contribution or partial indemnity by one alleged joint tortfeasor, named as a defendant, against the other joint tortfeasors, whether or not the plaintiff has named those joint tortfeasors as codefendants. ...
 
 
 16
 * * *
 
 
 17
 ... [Cross-complaints and third-party complaints] enable[ ] a tortfeasor, seeking the protection of a final judicial determination of good faith, to bring before the court all likely defendants who have an interest in the subject of the action, and particularly in the proposed settlement of the action. Failure to bring into the good faith settlement determination any likely defendant as a necessary party will have the usual effect--the judgment cannot bind the absent party.
 
 
 18
 225 Cal.Rptr. at 166, 169 (emphasis added).
 
 
 19
 Thus, under California law, if Vinci wished to bind Capitol to the bankruptcy court's good faith determination, he should have sought to make Capitol a party to the action under Bankruptcy Rule 7014, which controls third-party practice in bankruptcy adversary proceedings. Under California law, Vinci's failure to do so means that, if in a subsequent proceeding Capitol is able to show that it was a "likely defendant," then Capitol is entitled to a redetermination of the question whether the trustee settled with Vinci in good faith. See id. at 170.[2]
 
 
 20
 Capitol was a "likely defendant" at the time of Vinci's settlement with the trustee. By notifying Capitol of the pending good faith determination, the bankruptcy court alerted Vinci as to Capitol's status as a possible party with potentially substantial liability. Because Capitol was not made a party to the trustee's adversary proceeding against Vinci, Capitol--as a "likely defendant"--is now entitled to challenge the bankruptcy court's finding of good faith with regard to the settlement between the DeLorean trustee and Vinci.
 
 
 21
 Notwithstanding the teachings of Singer, the district court reasoned that permitting "Capitol to challenge the good faith of the Vinci settlement at this point would be to permit a potential party, recognized by the [bankruptcy] court as interested in the litigation, to merely stand by and seek a favorable outcome to further litigation, while reserving the right to later disassemble settlements about which it had notice."
 
 
 22
 While the district court's observation may be correct, it describes exactly the privilege that Singer confers upon non-party joint tortfeasors. Singer indicates that the burden rests upon the settling tortfeasor to bring "likely defendants" into the action in order to assure the broadest possible application of the bar imposed by sections 877 and 877.6. Thus, the district court erred in placing upon Capitol the burden of avoiding an otherwise broad application of the California statutes.
 
 
 23
 Capitol is entitled to a hearing in which it bears the burden of proving that Vinci's settlement with the DeLorean bankruptcy trustee was not made in "good faith," as that term is defined for purposes of section 877.6. See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 698 P.2d 159, 166-67 (Cal.1985) (defining good faith for purposes of statute and assigning burden of proof); Singer, 225 Cal.Rptr. at 170 (reiterating burden).
 
 III
 
 24
 Vinci asserts several alternative grounds on which to affirm portions of the district court's judgment. Vinci contends that Capitol's claims are barred by statutes of limitation and that Capitol's claim for "money had and received" is precluded by the fact that Vinci in fact received no money. We refrain from considering these issues because the district court has yet to pass judgment upon them. See Connolly v. Pension Benefit Guar. Corp., 581 F.2d 729, 734-35 (9th Cir.1978) ("Generally, a reviewing Court should remand a case to the district court for consideration of a question not previously considered there."), cert. denied, 440 U.S. 935 (1979).
 
 IV
 
 25
 Finally, Vinci requests an award of sanctions against Capitol. He contends that Capitol has taken this appeal simply as a means of delaying a lawsuit for malicious prosecution. Because we have jurisdiction over the appeal, and because Capitol's claims have merit, we deny Vinci's request for sanctions.
 
 V
 
 26
 With the exception of Capitol's claims based on allegations of intentionally wrongful acts, we agree with the district court's recharacterization of Capitol's causes of action as indemnity claims. Capitol's fraud claim should proceed without regard to section 877.6, however. Furthermore, as to those claims subject to the statutory bar, we reverse the district court's determination that Capitol is bound by the bankruptcy court's good faith determination. We remand for further proceedings consistent with this decision.
 
 
 27
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 By definition, conduct that is not intentional cannot be directed toward anyone in particular. Therefore, although Capitol might claim that it was injured by Vinci's allegedly negligent conduct, for example, this same conduct led to the transaction that injured DeLorean. Because negligent conduct could not have been directed, there is little reason to say that Capitol's attempt to recover under a negligence theory is any different than a claim for indemnification subject to section 877.6
 
 
 [2]
 Two passages in Singer suggest that the notice provided to Capitol during the trustee's proceedings against Vinci could be sufficient to bind Capitol to the bankruptcy court's good faith determination. See 225 Cal.Rptr. at 161 (indicating that only entities who had "no opportunity" to appear during the initial good faith determination are entitled to raise the issue in a subsequent proceeding), 170 (indicating that non-settling joint tortfeasor must allege that she "was not given notice of the prior good faith adjudication"). These passages are insufficient to contradict the overall tenor of the Singer opinion which places on settling tortfeasors the onus of maximizing the preclusive effect of settlements under Cal.Civ.Proc.Code § 877.6(c). See Singer, 225 Cal.Rptr. at 170 ("holding compels the parties to a settlement to ensure that all likely defendants have an opportunity to be heard on the good faith of the settlement"), 167 ("Since Singer was not a party to the proceeding ... Singer had no opportunity to challenge the settlement at that time"), 172 ("the fact that Singer was not a party to the litigation at the time of the earlier deposition means Singer did not have the opportunity at that time to question the expert as it later did and to elicit evidence of [a joint tortfeasor's] liability"). The mere fact that Capitol received notice of the litigation between the trustee and Vinci is not enough under California law to bind Capitol to the bankruptcy court's good faith determination. See also White Motor Corp. v. Teresinski, 263 Cal.Rptr. 26, 30-31 (Cal.Ct.App.1989) (in absence of cross-complaint for indemnification against non-settling joint tortfeasor, that party lacked sufficient interest in dispute between injured party and settling tortfeasor to be bound by trial court's determination that settling tortfeasor was faultless)