70 F.3d 120
 RICO Bus.Disp.Guide 8959
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHERN TRUST BANK OF CALIFORNIA, N.A., Plaintiff-Appellant,
and
PRMCO Ltd., Defendant,
v.
BEAR STEARNS & CO., INC.; Dean Witter Reynolds Inc., Thomas
Sponholtz, Alan Stricoff, Thad G. MacMillan,
Phillip Bugay and Alan Griffin,
Defendants-Appellees.
NORTHERN TRUST BANK OF CALIFORNIA, N.A., Plaintiff-Appellant,
v.
PRMCO LTD., Defendant,
and
Bear Stearns & Co., Inc.; Dean Witter Reynolds Inc., Thomas
Sponholtz, Alan Stricoff, Thad G. MacMillan,
Phillip Bugay and Alan Griffin,
Defendants-Appellees.
NORTHERN TRUST BANK OF CALIFORNIA, N.A., Plaintiff-Appellee,
and
PRMCO Ltd., Defendant,
v.
BEAR STEARNS & CO., INC.; Dean Witter Reynolds, Inc.,
Thomas Sponholtz, Alan Stricoff, Thad G.
MacMillan, Phillip Bugay and Alan
Griffin, Defendants-Appellants.
 Nos. 93-16870, 94-16004 and 94-16088.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Oct. 31, 1995.
 
 Before: SKOPIL, PREGERSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 INTRODUCTION
 
 2
 In appeal No. 93-16870, Northern Trust Bank of California (Northern) appeals the district court's dismissal of its complaint alleging (1) a violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Secs. 1961-1968 (RICO), (2) securities fraud based on Rule 10b-5 of the Securities and Exchange Act of 1934, 15 U.S.C. Sec. 78j, (3) securities fraud based on California Corporations Code Sec. 25401, and (4) common law fraud, against Bear Stearns & Co., Inc., Dean Witter Reynolds, Inc., Thomas Sponholtz, Alan Stricoff, Thad G. MacMillan, Phillip Bugay and Alan Griffin (collectively Brokers). The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6). In appeal No. 94-16004, Northern's trial court counsel appeal the district court's imposition of the sanction of reproval under Federal Rule of Civil Procedure 11 on the ground that two aspects of Northern's claims were objectively unreasonable, and in No. 94-16088, the Brokers cross-appeal the district court's refusal to award attorneys' fees as part of the Rule 11 sanctions.
 
 DISCUSSION
 A. Dismissal of RICO Claim
 
 3
 The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1962(c), "requires proof of '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc., 837 F.2d 356, 362 (9th Cir.1988) (citation omitted). Northern's complaint founders on the third element. In order to establish a pattern of racketeering activity, a plaintiff must allege at least two related predicate acts that "amount to or pose a threat of continued criminal activity." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239-40, 109 S.Ct. 2893, 2900-02, 106 L.Ed.2d 195 (1989).
 
 
 4
 Under RICO, continuity can refer "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J., Inc., 492 U.S. at 241, 109 S.Ct. at 2902; see also Allwaste, Inc. v. Hecht, No. 93-16537, slip op. 11841, 11847-48 (9th Cir. Sept. 19, 1995). To demonstrate continuity over a closed period, a plaintiff may prove "a series of related predicates extending over a substantial period of time." H.J., Inc., 492 U.S. at 242, 109 S.Ct. at 2902 (emphasis added).
 
 
 5
 The acts relied upon by Northern did not occur over a substantial period. In fact, acts by Bear Stearns covered just a little over two months and acts of Dean Witter three months or less. Thus, the acts do not meet the "closed period" definition of continued criminal activity. See id. at 242, 109 S.Ct. at 2902. Also, nothing in the record suggests that Vaughn and the Brokers, the enterprise identified by Northern in its complaint, posed a future threat of repeating the conduct. Northern failed to demonstrate a threat of continued wrongful activity. See id.; Allwaste, at slip op. 11848; Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450-51 (9th Cir.1991). The short term manipulation of the Brokers' services by Vaughn was not of a nature to project a threat of repetition into the future. Because the RICO claim clearly fails on this ground, we need not, and do not, consider whether it could also fail for lack of direct injury. Moreover, the record makes it apparent that the district court could reasonably conclude that amendment would be futile. See Allwaste, at slip op. 11854.
 
 B. Dismissal of Securities Fraud Claims
 
 6
 Litigation based on a violation of Rule 10b-5 of the Securities and Exchange Act of 1934, 15 U.S.C. Sec. 78j, "must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 364, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). A claim for a violation of California Corporations Code Sec. 25400 must be brought within one year of the discovery of the facts constituting the violation. Cal.Corp.Code Sec. 25506; Bowden v. Robinson, 67 Cal.App.3d 705, 714, 136 Cal.Rptr. 871, 878 (1977).
 
 
 7
 The district court took judicial notice of AIT's state action against Northern and the Brokers. State court dockets are "sources whose accuracy cannot reasonably be questioned." See Fed.R.Evid. 201(b). The district court did not abuse its discretion by taking judicial notice of the state court action. See Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458-59 (9th Cir.1995).
 
 
 8
 Northern knew or should have known of the false and misleading nature of the Brokers' letters when AIT filed its action in state court, if not before. See Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1417 (9th Cir.1987). Northern's claims of fraud based on the false and misleading information contained in those letters mirror AIT's complaint in the state court action filed November 14, 1991. Thus, Northern's securities fraud claims, filed more than a year later, are time-barred. See Lampf, 501 U.S. at 364, 111 S.Ct. at 2782; Cal.Corp.Code Sec. 25506; Bowden, 67 Cal.App.3d at 714, 136 Cal.Rptr. at 871. We need not and do not decide whether a custodian like Northern could possibly be a purchaser. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 731, 95 S.Ct. 1917, 1923, 44 L.Ed.2d 539 (1975). Here too the district court could reasonably conclude that amendment would be futile.
 
 C. Rule 11 Sanctions
 
 9
 The district court found that Northern violated Federal Rule of Civil Procedure 11 with respect to two parts of its pleading. First, it found that Northern violated Federal Rule of Civil Procedure 11 by filing securities fraud claims that were time-barred. Second, it found that Northern violated Rule 11 by filing indemnity claims that were barred by California law.
 
 
 10
 Northern's securities fraud claims were time-barred. See Lampf, 501 U.S. at 364, 111 S.Ct. at 2782; Cal.Corp.Code Sec. 25506; Bowden, 67 Cal.App.3d at 714, 136 Cal.Rptr. at 871. On the other hand, the statute of limitations is a defense which can be waived if not raised. Its existence does not mean that the claim itself is invalid or void, only that its pursuit can be precluded. Absent other circumstances, the imposition of sanctions on this ground was not appropriate.
 
 
 11
 We are satisfied that Northern asserted claims that were barred by California law. California Civil Procedure Code Sec. 877 provides that in a settlement between opposing parties "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal.Civ.Proc.Code Sec. 877.6(c). "The purpose of this statute is to bar claims against a settling tortfeasor and thereby promote settlement." Cal-Jones Properties v. Evans Pac. Corp., 216 Cal.App.3d 324, 327, 264 Cal.Rptr. 737 (1989). The trial court must be able to "ferret out those claims that are in fact claims for indemnity." Id. at 328, 264 Cal.Rptr. at 739. It is in the best position to determine whether the terms of a settlement agreement are unfair to a nonsettling party. Id. at 329, 264 Cal.Rptr. at 740.
 
 
 12
 The Brokers settled with AIT in the state action. As is usual in indemnity cases, each of the wrongdoers (or dupes, perhaps) pointed at the other as the truly responsible party, but the state court found the Brokers' settlement with AIT to be in good faith and dismissed Northern's cross-claim for indemnity against the Brokers. Therefore, Northern, as a joint tortfeasor in the state action, was barred from seeking indemnity against most of the Brokers. See Cal.Civ.Proc.Code Sec. 877.6; Cal-Jones, 216 Cal.App.3d at 327. Moreover, we agree with the district court that the claim made by Northern against the Brokers in this case was of a kind that the state trial court would contemplate when it determined the good faith nature of the settlement. See id. at 328.
 
 
 13
 Nevertheless, we are constrained to find that the district court abused its discretion when it imposed sanctions upon Northern's counsel. See Hendrix v. Naphtal, 971 F.2d 398, 400 (9th Cir.1992) (per curiam). This case stood at the confluence of two rather murky streams of authority: the scope of California's Sec. 877.6 bar and the character of the injury inflicted upon Northern by the acts of the Brokers. For example, were Northern's injuries more than those suffered as a result of the harm inflicted upon AIT by Northern and the Brokers or did the Brokers inflict a separate and direct injury upon Northern itself? Counsel should not have been reproved because of a failure to peer through the turbid waters and see that the stream beds were mere indemnity claims. True, the district court and we can now see that they were indeed indemnity claims, but that ultimate determination is not the test. See Zaldivar v. City of Los Angeles, 780 F.2d 823 ,829 (9th Cir.1986); see also Fed.R.Civ.P. 11 advisory committee's note to 1983 amendment (court should avoid using wisdom of hindsight). As it was, the district court did not find that the perceived violation was "highly egregious," but still felt compelled to impose some kind of sanction. Of course, it was not compelled to impose sanctions in any event. See Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994). More than that, in holding counsel to too high a standard, the district court committed clear error in assessing the facts and misinterpreted the law. See Hendrix, 971 F.2d at 400.
 
 
 14
 AFFIRMED on all issues raised in appeal No. 93-16870; REVERSED on the issues raised in appeal No. 93-16004; the issues raised in appeal No. 94-16088 are moot in light of our decision in No. 94-16004. The parties shall bear their own costs in appeals Nos. 93-16004 and 94-16088.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3