Betty Jean RICE, Plaintiff—Appellant,

v.

Richard V. THOMAS, M.D.,
Defendant—Appellee.

No. 01–36078.

D.C. No. CV–00–00606–EJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided May 6, 2003.

Before D.W. NELSON, THOMAS,
Circuit Judges, and D. PREGERSON,*
District Judge.

MEMORANDUM**

Betty Jean Rice ("Rice") appeals from the district court's dismissal of her malpractice suit against the defendant Richard V. Thomas, M.D. ("Thomas") for lack of subject matter jurisdiction under 28 U.S.C. § 1332. The district court found that both Rice and Thomas were domiciled in Idaho, and, therefore, there was no diversity. We affirm. Because the parties are familiar with the factual and procedural history of this appeal, we need not recount it here.

A district court's determination on the question of diversity is reviewed de novo. *Breitman v. May Co. Cal.,* 37 F.3d 562, 563 (9th Cir.1994). The factual underpinnings of those determinations, however, are reviewed for clear error. *Prudential Real Estate Affiliates v. PPR Realty,* 204 F.3d 867, 872–73 (9th Cir.2000).[1]

While physical presence is a central, and ordinarily necessary, factor in determining

---

\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rice contends that the district court further erred in requiring more than a prima facie showing of domicile in the absence of an evidentiary hearing. Where there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court. *See Gibbs v. Buck,* 307 U.S. 66, 71–72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). In this case, especially as the district court based its determination solely on undisputed evidence, the failure to hold an evidentiary hearing was not an abuse of discretion. Rice also challenges the district court's allocation of the burden of proof. The district court, however, correctly determined that Rice maintained the burden of proof on the issue of domicile regardless of shifting presumptions.

a person's domicile, it is not dispositive. *Hendrix v. Naphtal,* 971 F.2d 398, 399 (9th Cir.1992). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001) (citing *Weible v. United States,* 244 F.2d 158, 163 (9th Cir.1957)). Residence is therefore only one factor in a domicile analysis. When the issue involves a change in domicile, additional principles of law apply. First, a change of domicile requires more than physical presence at the new location, it also requires evidence of an intent to remain there indefinitely. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986). Second, a person's old domicile is not lost until a new one is acquired. *Barber v. Varleta,* 199 F.2d 419, 423 (9th Cir.1952); *see also* Restatement (Second) of Conflicts §§ 18–20 (1971). Derived from this general rule is the presumption in favor of an established domicile over one newly acquired. *Id.*

The evidence presented by the parties is consistent with a finding that Thomas's presence in Utah was temporary, as a stage between his "old" and "new" life, with no intention on his part to stay there "indefinitely." In the absence of a new domicile, Thomas remains a domiciliary of Idaho.[2]

**AFFIRMED.**

2. Rice contends that she may now be barred from pursuing her claim in state court due to the statute of limitations. The Court believes that Rice's assumption of federal jurisdiction was reasonable, if incorrect. Moreover, the pendency of the federal action may have led an Idaho court to dismiss her case under Idaho Rule of Civil Procedure 12(b)(8). Rice, therefore, was reasonably diligent in pursuing her claim.