**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| B.P., on behalf of themselves and all others similarly situated; et al., | No. 20-15974 |
| Plaintiffs-Appellees, | D.C. Nos. 2:16-cv-02138-HRH |
| | 2:16-cv-2373-HRH |
| v. | 2:16-cv-2660-HRH |
| | 2:16-cv-2775-HRH |
| RAMESH BALWANI, | 2:16-cv-3599-HRH |
| Defendant-Appellant, | |
| and | MEMORANDUM* |
| WALGREENS BOOTS ALLIANCE, INC.; WALGREENS ARIZONA DRUG COMPANY, | |
| Defendants. | |

| | |
|---|---|
| B.P., on behalf of themselves and all others similarly situated; et al., | No. 20-15976 |
| Plaintiffs-Appellees, | D.C. Nos. 2:16-cv-02138-HRH |
| | 2:16-cv-2373-HRH |
| v. | 2:16-cv-2660-HRH |
| | 2:16-cv-2775-HRH |
| WALGREENS BOOTS ALLIANCE, INC.; WALGREENS ARIZONA DRUG | 2:16-cv-3599-HRH |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY,

        Defendants-Appellants,

and

RAMESH BALWANI,

        Defendant.

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted August 9, 2021
San Francisco, California

Before: SILER,[**] CHRISTEN, and FORREST, Circuit Judges.

Defendants appeal the district court's order granting class certification as to plaintiffs' claims pursuant to the Arizona Consumer Fraud Act (CFA), California's Unfair Competition Law, California's False Advertising Law, racketeering in violation of 18 U.S.C. § 1962(c), battery, and medical battery. We review a district court's class-certification order for abuse of discretion. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015). We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and we

---

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

affirm in part, reverse in part, and remand.  Because the parties are familiar with the facts, we do not recite them here.

1.    Walgreens argues the district court erred by finding that the named plaintiffs adequately represented absent class members' claims because the named plaintiffs dropped their emotional distress, retesting, and subsequent medical treatment claims.  *See* Fed. R. Civ. P. 23(a)(4).  Walgreens argues the named plaintiffs created a conflict of interest with absent class members by giving away valuable theories of recovery that absent class members will be precluded from raising in the future.

Conflicts of interest defeat legal adequacy where the interests of one subclass "tug[] against" the interests of another.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 (1997).  The district court reasoned that plaintiffs voluntarily dismissed the emotional distress and subsequent medical treatment claims for *all* class members, including themselves, because they concluded these claims are not suitable for classwide resolution.  The district court concluded that, because of the disparity between litigation costs and the amount of recoverable damage for any individual litigant, absent plaintiffs would likely be unable to recover at all without class certification.  The district court did not err by concluding that plaintiffs dropped their emotional distress and subsequent medical

3

treatment claims for the strategic benefit of the entire class, and there is no conflict of interest. Walgreens also argues that the district court "improperly passed the resolution of this conflict on to the absent class members by relying solely on their opt-out right" and failed to consider the value of absent class members' dropped claims. However, the district court did not make its adequacy determination solely based on absent class members' opt-out rights; it merely observed that absent class members who wish to pursue them may opt out, and considered this as a factor in a broader analysis. Therefore, we affirm the district court's adequacy determination.

2.      Defendant Balwani submits that the district court improperly disregarded his defense when it made its predominance determination. Balwani seeks to argue that certain plaintiffs received accurate test results and experienced improved health outcomes, and they therefore did not suffer injury (i.e. they got what they paid for).

This court has sometimes concluded that a class does not meet the predominance requirement in cases where liability could be established only with individualized evidence. *See, e.g., Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017). Here, the district court determined that a single common issue

4

is central to plaintiffs' case: whether Theranos and Walgreens' blood testing services were capable of producing reliable results. The district court concluded that this issue predominates over individual questions of test result accuracy. Balwani's defense does not address this central issue of liability because whether individual tests were in fact accurate is not relevant to representations that were made concerning the reliability of the testing. Because "more important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance," *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016), we conclude that the district court did not abuse its discretion by finding predominance.

3. Walgreens argues the district court erred by certifying the battery and medical battery claims because Walgreens employees did not touch all plaintiffs, and determining who conducted any given plaintiff's test is an individualized inquiry that defeats predominance. Plaintiffs submit that Walgreens and Theranos subjected them to offensive touching without consent on a classwide basis, and that this claim can be established through common proof.

"An actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the

5

person of another." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 439 (Ariz. 2003) (en banc) (citing Restatement (Second) of Torts §§ 13, 18 (1965)). To make a classwide battery or medical battery claim, plaintiffs must be able to show that Walgreens is liable for all blood draws, including those conducted by Theranos employees. *See id.* Plaintiffs' contention that they need only prove that Walgreens intentionally engaged in some act that resulted in blood draws—not necessarily the touching itself—is unsupported by Arizona law. The district court dismissed plaintiffs' agency and joint venture theories because Walgreens and Theranos were not in an agency relationship. While plaintiffs argue they can show that Walgreens may be liable for medical battery based on an aiding and abetting theory, plaintiffs cannot make a derivative aiding and abetting battery claim without a certifiable battery claim. *See Patel v. Verde Valley Med. Ctr.*, Nos. CV-05-1129/2926-PCT-MHM, 2009 WL 3270883, at *4 (D. Ariz. Oct. 8, 2009). Plaintiffs maintain that they possess a spreadsheet containing common evidence regarding who drew each subclass member's blood. We reverse class certification as to the battery and medical battery claims and remand to the district court to limit this class to plaintiffs who had blood drawn by Walgreens employees, such that no claims impute liability for battery or medical battery on one defendant for a touching conducted by another defendant's employee.

4.     Balwani argues the district court abused its discretion because the Arizona Consent Decree defeated the Fed. R. Civ. P. 23(b)(3) superiority requirement. We conclude, however, that the district court did not abuse its discretion while conducting a superiority analysis pursuant to *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001). In assessing the second *Zinser* factor, the district court reasoned that the Arizona Consent Decree "did not comprehend the full scope of damages that might be available," and that it did not include a battery or medical battery claim. Plaintiffs' California statutory claims are also unaffected by the Arizona Consent Decree. Contrary to defendants' argument, *Kamm v. California City Development Company* does not hold that a prior public settlement necessarily defeats superiority for future class actions. 509 F.2d 205, 211 (9th Cir. 1975). On the facts of this case, the district court did not abuse its discretion. Separately, Balwani forfeited the argument that his criminal prosecution is a superior method to adjudicate the class claims.

5.     Finally, Walgreens argues the district court erred in certifying plaintiffs' RICO and Arizona CFA claims for punitive damages under Fed. R. Civ. P. 23(b)(3) because the Arizona plaintiffs have already been compensated for their actual damages by the Arizona Consent Decree, and they are therefore ineligible

7

for compensatory damages, and thus punitive damages, in this action.

Under Arizona law, a plaintiff must be entitled to actual damages before being eligible for punitive damages. *Wyatt v. Wehmueller*, 806 P.2d 870, 874 (Ariz. 1991) (en banc). Plaintiffs in this case may have suffered a compensable injury that entitled them to damages according to the Arizona Consent Decree, even though those compensatory damages have already been paid. We thus conclude the Consent Decree does not bar plaintiffs' RICO treble damages recovery so long as plaintiffs establish defendants' liability for actual damages and additional damages are "offset" by the amount already paid. *See Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015). Similarly, plaintiffs may also recover under the Arizona CFA because the "offset rule" prevents any double recovery of those statutory damages. *See City of San Jose v. Price Waterhouse*, No. 91-16489, 1993 WL 83495 (9th Cir. March 23, 1993). The district court did not abuse its discretion.

**AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs.**